IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LETICIA RAMIREZ, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. 1:25-cv-03910-JRR |
| v. | * | |
| J.A. ARGETAKIS CONTRACTING CO., INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## <u>MEMORANDUM OPINION</u>

Plaintiffs Leticia Ramirez, Hector Lopez, Lorenzo Sanchez, Jose Hernandez, Alfredo Silva, Byron Meraz, Carlos Reyes, Cristian Fernandez, and Enrique Martinez, on behalf of themselves and other similarly situated employees, bring this action against their former employer, Defendant J.A. Argetakis Contracting Co., Inc. ("J.A. Argetakis"), and its owner, Andronikos Argetakis ("Mr. Argetakis"), for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and failure to pay prevailing wages, overtime wages, and fringe benefits under the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPL. § 3-401, *et seq.* ("MWHL"); the Maryland Prevailing Wage Law, MD. CODE ANN., STATE FIN. & PROC. § 17-201, *et seq.* ("MPWL"); the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPL. § 3-501, *et seq.* ("MWPCL"); the Delaware Prevailing Wage Law, DEL. CODE ANN. tit. 29, § 6960 ("DPWL"); and the Delaware Wage Payment and Collection Law, DEL. CODE ANN. tit. 19, § 1101, *et seq.* ("DWPCL"). (Am. Compl., ECF No. 26 ¶ 6). Currently pending before this Court is Plaintiffs' Motion for Conditional Certification of Collective Action and Court-Approved Notice. (ECF No. 18). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

For the reasons that follow, Plaintiffs' Motion for Conditional Certification of Collective Action and Court-Approved Notice (ECF No. 18) is GRANTED. The court grants Plaintiffs' request for conditional certification and substantially approves Plaintiffs' proposed notice plan with one modification to the form of the proposed notice, which is to be submitted to the court within seven (7) days of entry of the accompanying order.

## BACKGROUND[1]

Defendant J.A. Argetakis is a Maryland-based construction contractor specializing in interior finishing. (Am. Compl. ¶ 13, ECF No. 26). Defendant Andronikos Argetakis is its owner. (*Id.* ¶ 14).

Named Plaintiffs Leticia Ramirez, Hector Lopez, Lorenzo Sanchez, and their coworkers, worked for Defendants on publicly funded construction projects in Maryland and Delaware at some point in time since November 2022, three years prior to the filing of this action. (*Id.* ¶¶ 9-11; Ramirez Decl. ¶¶ 2-5, ECF No. 18-3; Lopez Decl. ¶¶ 2-5, ECF No. 18-4; Sanchez Decl. ¶¶ 2-5, ECF No. 18-5; Defs.' Answer ¶ 18, ECF No. 11; *see also* Notices ¶ 2, ECF Nos. 4-1, 5-1, 6-1, 7-1, 8-1). Defendants employed Plaintiffs on an hourly basis as finishers, mechanical carpenters, and painters. (Am. Compl. ¶¶ 9-11, 18).

Mr. Argetakis hired and had the power to fire Plaintiffs, determined policies concerning wage rates and compensation, controlled schedules, and maintained Plaintiffs' work records. (Am. Compl. ¶ 14; Ramirez Decl. ¶ 4; Lopez Decl. ¶ 4; Sanchez Decl. ¶ 4). Defendants assigned Plaintiffs' duties, worksites, and pay rates. (Am. Compl. ¶ 19). The same set of approximately four J.A. Argetakis office staff supervised all J.A. Argetakis construction workers. (Ramirez Decl. ¶ 14; Lopez Decl. ¶ 14; Sanchez Decl. ¶ 14).

---

[1] On a motion for conditional certification, the court accepts well-pleaded allegations as true and construes them in the light most favorable to the plaintiff. *Bobb v. FinePoints Priv. Duty Healthcare, LLC*, JKB-23-03129, 2024 WL 1299929, at *1 n.1 (D. Md. Mar. 27, 2024) (citing *Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 602 (D. Md. 2020)).

Defendants regularly required Plaintiffs to work over 40 hours per week. (Am. Compl. ¶ 21; Ramirez Decl. ¶ 6; Lopez Decl. ¶ 6; Sanchez Decl. ¶ 6). For each hour Plaintiffs worked in excess of 40 hours in a given week, Defendants were required to pay Plaintiffs 1.5 times their regular rate of pay and other fringe benefits. (Am. Compl. ¶ 23). However, J.A. Argetakis failed to pay Plaintiffs the overtime rate and used a common scheme of issuing Plaintiffs two checks for weeks where overtime was earned: the first check for hours worked up to 40 and the second check for overtime hours. The first check properly classified Plaintiffs as employees and was subject to tax withholdings. The second check was not subject to tax withholdings and the amount on the second check, often precisely $104, fell far below the required payments for each Plaintiff's overtime hours and did not include any of the required fringe benefits. (*Id.*).

As evidence of this scheme, Plaintiffs Ramirez, Lopez and Sanchez attest that they worked "more than 40 hours per week" on each of the construction projects and that J.A. Argetakis "frequently required [them] to work 48 or more hours per week." (Ramirez Decl. ¶¶ 5-6; Lopez Decl. ¶¶ 5-6; Sanchez Decl. ¶¶ 5-6). For weeks that Plaintiffs worked overtime, Plaintiffs Ramirez, Lopez, and Sanchez, attest that they were paid by J.A. Argetakis according to the same two-check scheme. (Ramirez Decl. ¶¶ 7-10; Lopez Decl. ¶¶ 7-10; Sanchez Decl. ¶¶ 7-10). In their declarations, Plaintiffs include paystubs and timesheets showing 40 hours or more were worked and that Plaintiffs received checks for $104. (Ramirez Decl. p. 10-11 (attaching paystubs reflecting 40 hours worked and separate check for $104); Lopez Decl. p. 10-11 (attaching timesheet showing 48 hours worked by Lopez but only 40 hours credited on a paystub for the same time period and separate check for $104); Sanchez Decl. p. 10-12 (attaching timesheet showing 48 hours worked by Sanchez on two separate weeks and a paystub crediting only 40 hours for one of the weeks)).

Plaintiffs further attest that in the three years preceding their declarations, they learned of approximately 50 current and former J.A. Argetakis construction workers who were not paid

3

correctly for overtime hours.  (Ramirez Decl. ¶ 12; Lopez Decl. ¶ 12; Sanchez Decl. ¶ 12).  Plaintiffs attest that "[m]any" of their former coworkers "moved in recent years" so that contact via text message would be the most likely way to reach them.  (Ramirez Decl. ¶ 16; Lopez Decl. ¶ 16; Sanchez Decl. ¶ 16).

On November 26, 2025, Plaintiffs filed a Complaint against Defendants, alleging failure to pay overtime wages under the FLSA; and failure to pay prevailing wages, overtime wages, and fringe benefits under MWHL, MPWL, MWPCL, DPWL, and DWPCL.  (Compl., ECF No. 1).  Defendants filed an answer on December 26, 2025.  (Answer, ECF No. 11).  Plaintiffs filed an Amended Complaint on April 30, 2026.  (Am. Compl., ECF No. 26).[2]  Since the initial Complaint, six additional plaintiffs, Jose Hernandez, Alfredo Silva, Byron Meraz, Carlos Reyes, Cristian Fernandez, and Enrique Martinez—all current or former employees of J.A. Argetakis—filed consent forms to join the collective action.  (ECF Nos. 4, 5, 6, 7, 8.)

On February 9, 2026, Plaintiffs filed the instant Motion for Conditional Certification of Collective Action and Court-Approved Notice (ECF No. 18; the "Motion" or "Mot."), seeking to conditionally certify a collective consisting of "non-supervisory employees engaged in construction work at J.A. Argetakis's construction sites, at any time from November 26, 2022 to the present."  (Mem. Supp. Mot., ECF No. 18-1 at 7).  Regarding the requested notice, Plaintiffs detailed their request for contact information, form, and method of contact.  (Mem. Supp. Mot. at 10-13; ECF Nos. 18-6 & 18-7 (proposed notice and consent forms)).

On February 23, 2026, Defendants filed a Response in Opposition to the Motion (ECF No. 19; the "Opp'n"), arguing that Plaintiffs had not submitted sufficient evidence that they are "similarly situated" and that the claims would require too many individualized inquiries.  Plaintiffs filed a reply on March 5, 2026.  (ECF No. 20).

---

[2] The Amended Complaint corrects spelling errors in the Complaint and does not include substantive amendments. (ECF No. 26-1).

**STANDARD OF REVIEW**

The FLSA, 29 U.S.C. § 201, *et seq.*, "requires employers to pay overtime to covered employees who work more than 40 hours in a week." *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 81 (2018) (citing 29 U.S.C. § 207(a)). Under the FLSA, a plaintiff may bring an action on behalf of herself and other employees so long as the other employees are "similarly situated" to the plaintiff. 29 U.S.C. § 216(b); *see also Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 605 (D. Md. 2020); *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). As this court previously noted, § 216 of the FLSA "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). Section 216(b) provides, in relevant part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Whether to grant conditional certification is left to the court's discretion. *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010) ("Determinations of the appropriateness of conditional collective action certification . . . are left to the court's discretion."); *see also Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (same). This court employs a two-step inquiry when deciding whether to certify a collective action under the FLSA. *Syrja*, 756 F. Supp. 2d at 686; *Banks v. Wet Dog Inc.*, RDB-13-2294, 2015 WL 433631, at *2 (D. Md. Feb. 2, 2015). First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff collective is "similarly situated" in

accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *Syrja*, 756 F. Supp. 2d at 686.

## ANALYSIS

### A. Conditional Certification

The "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long*, 585 F. Supp. 2d 679, 684 (D. Md. 2008). Plaintiffs bear the burden of showing that their claims are "similarly situated," but, importantly, courts have ruled that "similarly situated" does not mean "identical." *See, e.g.*, *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). This court has found the similarly situated standard satisfied where the plaintiffs were victims of a common policy, scheme, or plan that violated the law. *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 566 (D. Md. 2012) (citing *Mancia v. Mayflower Textile Servs. Co.*, CCB-08-273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008)).

A plaintiff's allegations "must consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists." *Mancia*, 2008 WL 4735344, at *2 (quoting *D'Anna v. M/A–COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995)). Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams*, 585 F. Supp. 2d at 684; *see also Ruiz v. Monterey of Lusby, Inc.*, DKC-13-3792, 2014 WL 1793786, at *1-2 (D. Md. May 5, 2014); *Bouthner v. Cleveland Const., Inc.*, RDB-11-0244, 2012 WL 738578, at *4

(D. Md. Mar. 5, 2012).  If, however, "sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja*, 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D.Va. 2009)).

Plaintiffs here assert that they, and potential members of the collective, are similarly situated because they were construction workers subject to the same company-wide practice of violating FLSA and state law overtime requirements through a two-paycheck scheme.  As explained above, Plaintiffs allege they received a first paycheck, which included payment for up to 40 hours of work with taxes withheld, and a second paycheck representing a fraction of the overtime wages earned (regularly for just $104) and not subject to tax withholdings. (Mem. Supp. Mot. at 3).

In support, through attached declarations, Plaintiffs Ramirez, Lopez, and Sanchez attest (1) they were construction workers for J.A. Argetakis between 2022 and the present; (2) they all worked for more than 40 hours per week on projects in Maryland and Delaware; and (3) they were paid in the same way and encountered the same two-paycheck scheme for weeks that they worked overtime.  Further, Plaintiffs Lopez and Sanchez attach a J.A. Argetakis timesheets for the period January 19 to 25, 2023, showing they each worked 48 hours, but received the attached paystubs reflecting pay and withholdings for only 40 hours. (Lopez Decl. at 10-11; Sanchez Decl. at 10-11).  Plaintiff Lopez even attached the second paystub from the January 19 to 25, 2023, period for $104.  (Lopez Decl. at 11).  Plaintiff Ramirez attached two sets of paystubs for corresponding pay periods, each containing a $104 payment and separate payment for up to 40 hours with withholdings.  (Ramirez Decl. at 10-11).

Plaintiffs' declarations and incorporated documents readily satisfy their evidentiary burden at this stage. *Mendoza v. Mo's Fisherman Exch.*, ELH-15-1427, 2016 WL 3440007, at *12 (D. Md. June 22, 2016).  As Plaintiffs correctly observe, this court regularly grants motions

for conditional certification based on specific allegations of a common scheme and similarly detailed affidavits.  (Mem. Supp. Mot. at 8; Reply at 5); *see Bobb v. FinePoints Priv. Duty Healthcare, LLC*, JKB-23-03129, 2024 WL 1299929, at *3 (D. Md. Mar. 27, 2024) ("[T]he allegations, as supported by affidavit testimony, show that all proposed plaintiffs had similar responsibilities, were subject to similar oversight, and were subject to the same allegedly unlawful wage policies."); *Baylor*, 443 F. Supp. 3d at 604, 607-08 (granting conditional certification where plaintiffs' four declarations consistently alleged underpayment, unpaid overtime and provided copies of company agreements); *McCoy v. Transdev Servs.*, DKC-19-2137, 2020 WL 2319117, at *3 (D. Md. May 11, 2020) (granting conditional certification based on plaintiffs' declarations attesting to similar duties and misclassification as contractors); *Lee v. JLN Constr. Servs. LLC*, RDB-17-2765, 2018 WL 2193815, at *2 (D. Md. May 14, 2018) (granting conditional certification based on plaintiffs' declarations detailing their shifts, timekeeping method, and employer's policies that required employees to perform unpaid overtime); *Desmond v. Alliance, Inc.*, CCB-14-3499, 2015 WL 2165115, at *1-2 (D. Md. May 7, 2015) (granting conditional certification based on plaintiffs' affidavits detailing instructions from employer not to record overtime despite hours worked on breaks and evenings).

Defendants' opposition does not counsel a different result.  First, Defendants contend that the motion is "unsupported" because Plaintiff Ramirez's declaration lacks timesheets or other documents showing she worked over 40 hours in a week.  (Opp'n at 2-3, 5).  Not so. "Plaintiffs' failure to produce time records . . . does not preclude conditional certification." *Baylor*, 443 F. Supp. 3d at 606; *see also Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 309 (D. Md. Sep. 18, 2004) (holding that "the absence of records documenting Plaintiffs' off-the-clock work is not fatal to the collective.  The FLSA makes clear that employers, not employees, bear the ultimate responsibility for ensuring that employee time sheets are an accurate record of all hours worked by the employees").  At the conditional certification stage,

before discovery is complete, Plaintiffs are not expected to have extensive documentary evidence. *Quinteros*, 532 F. Supp. 2d at 772. Further, it bears noting that although Plaintiff Ramirez does not attach a timesheet, she provides two sets of paystubs corroborating the two-check scheme that other Plaintiffs describe on construction projects at J.A. Argetakis. (Ramirez Decl. at 10-11).

Second, contrary to Defendants' assertions (Opp'n at 4), Plaintiffs are not required to identify potential collective members in their declarations. This court has rejected similar arguments: "this district has previously refused to impose a requirement that plaintiffs identify other potential opt-in plaintiffs when moving for conditional certification." *Butler*, 876 F.Supp.2d at 566 (citing *Mancia,* 2008 WL 4735344, at *3 n.5; *Quinteros*, 532 F.Supp.2d at 772 n.5). In fact, Plaintiffs' affidavits here, which attest to knowledge of 50 potential, though unidentified, plaintiffs from conversations with coworkers about the issue, militate in favor of finding they meet the similarly situated requirement. *Williams v. ezStorage Corp.,* RDB-10-3335, 2011 WL 1539941, at *3 (D. Md. Apr. 21, 2011) (granting motion for conditional certification where the plaintiff's affidavit indicated "he personally talked" with other employees "who also complained of uncompensated work demands" imposed by supervisors).

Third, Defendants' contention that the action will require too many individualized determinations can be similarly rejected. (Opp'n at 6). As an example, Defendants argue that Plaintiff Ramirez has not shown she worked over 40 hours in a workweek, partly because the two timesheets in the record do not reflect as much. (Opp'n at 5-6). Meanwhile, Plaintiff Ramirez attests that she regularly worked over 40 hours and remembers doing so for the weeks shown on the two sets of paystubs attached to her declaration. (Ramirez Decl. ¶¶ 6, 10). Such factual disputes as to allegations and proof do not prevent a finding that plaintiffs are similarly situated. *Quinteros*, 532 F.Supp.2d at 772 ("[F]actual disputes do not negate the

9

appropriateness of court-facilitated notice." (citing *Camper*, 200 F.R.D. at 519; *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 280 (D. Minn. 1992))).

Relatedly, Plaintiffs may bear sufficient similarity even though Plaintiffs did not all work at the same locations. (Opp'n at 6). While factual differences among Plaintiffs may exist, as Defendants note (*see* Opp'n at 4-6), the allegations, as supported by sworn affidavits and attached documentary evidence, satisfactorily demonstrate that named and proposed Plaintiffs were construction workers for J.A. Argetakis, subject to similar oversight by the same individuals, and subject to the same allegedly unlawful overtime underpayment scheme. This showing meets the minimal evidentiary burden to win conditional certification. *See Mendoza*, 2016 WL 3440007, at *2, *12-14 (conditionally certifying class of various restaurant workers across six restaurant locations who detailed control by restaurant chain's founder and failure to pay overtime wages); *see also Morris v. PP&G, Inc.*, MJM-22-3090, 2023 WL 5404247, at *4 (D. Md. Aug. 22, 2023) ("Numerous courts have observed that disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis rather than at the first stage." (citation modified)); *Butler*, 876 F. Supp. 2d at 570 (recognizing "individual circumstances are inevitably present in a collective action" (citation omitted)).

Lastly, Defendants' reliance on *Bouthner v. Cleveland Const., Inc.*, RDB-11-0244, 2012 WL 738578 (D. Md. Mar. 5, 2012), is misplaced. (Opp'n at 6-7). In *Bouthner*, this court denied plaintiff construction workers' request for conditional certification. *Bouthner*, 2012 WL 738578, at *2-3. The *Bouthner* plaintiffs alleged that multiple companies they worked for misclassified them as independent contractors and failed to pay them overtime. *Id.* at *2-3, *5. There, the court found multiple evidentiary deficiencies not present here. Specifically, the *Bouthner* plaintiffs' three, one-page affidavits failed to demonstrate any common policy or plan of the eight defendants to avoid paying overtime and also failed to identify which defendant

directed the overtime work.  *Id.* at \*5.  By contrast, here, Plaintiffs' affidavits describe a common two-paycheck scheme shorting them of overtime wages and attach corroborating timesheets and paystubs.  Also, unlike *Bouthner*, Plaintiffs' claims here concern a single construction company employer and the same set of supervisors who controlled Plaintiffs' work schedules and pay.  *See Randolph v. PowerComm Constr., Inc.*, 7 F. Supp. 3d 561, 576 (D. Md. 2014) (rejecting defendants' reliance on *Bouthner* and conditionally certifying a collective action over defendants' argument that plaintiffs did not work under the exact same supervisory hierarchy).  Therefore, Plaintiffs' claims do not present the evidentiary deficiencies or the unmanageable individualized factual inquiries that pervaded in *Bouthner*.

At this initial notice stage, the court finds sufficient Plaintiffs' allegations and declarations that the J.A. Argetakis construction workers are similarly situated.

### B. Definition of the Collective

Plaintiffs' proposed collective consists of "[a]ll individual[s] employed by [J.A. Argetakis and Mr. Argetakis] as non-supervisory employees engaged in construction work at J.A. Argetakis's construction sites, at any time from November 26, 2022 to the present." (Mem. Supp. Mot. at 7).  While Defendants oppose conditional certification, their Opposition does not propose any limitations on Plaintiffs' proposed class.  (*See generally* Opp'n).  The court discerns no problems with the proposed collective described above.

For the reasons stated above, Plaintiffs' Motion will be granted and this Court will conditionally certify Plaintiffs' proposed class.

### C. Notice

Pursuant to the FLSA, a Notice of Collective Action "must provide accurate and timely notice to potential plaintiffs so they may make informed decisions about whether to join a collective action." *Arnold v. Acappella, LLC*, BPG-15-3001, 2016 WL 5454541, at \*4 (D. Md. Sep. 29, 2016).  Importantly, "[t]he district court has broad discretion regarding the 'details' of

the notice sent to potential opt-in plaintiffs." *Id.* (citing *Mcfeeley v. Jackson St. Entm't, LLC*, DKC-12-1019, 2012 WL 5928902, at *5 (D. Md. Nov. 26, 2012); *see also Hoffmann–La Roche Inc.*, 493 U.S. at 171.

Plaintiffs' Motion sets forth a detailed notice plan, including contact information; forms of notice and consent; specific contact methods and postings; a 90-day opt-in period; and permission to send a 30-day text message reminder. (Mem. Supp. Mot. at 10-13; ECF Nos. 18-6, 18-7). Defendants do not address these details except to observe that Plaintiff's proposed plan is "robust." (Opp'n at 4). The court agrees.

### 1. Contact Information

Plaintiffs request that Defendants produce within 10 business days of entry of this order a "computer readable database of names, last-known mailing addresses, cell phone numbers and email addresses, and dates of employment for all current and former construction workers since November 26, 2022." (Mem. Supp. Mot. at 10). Plaintiffs' request is reasonable and well-supported by previous decisions of this court. (Mem. Supp. Mot. at 11-12 (citing, *inter alia*, *Li v. Escape Nails & Spa, LLC*, DKC-23-1487, 2024 WL 3742764, at *2 (D. Md. Aug. 9, 2024) (permitting notice "via mail, email, and text message"); *Wilson v. Marlboro Pizza, LLC*, BAH-22-1465, 2024 WL 415349, at *4 (D. Md. Feb. 5, 2024) (same); *Biscardi v. Gov't Emps. Ins. Co.*, GJH-21-2240, 2023 WL 155238, at *5 (D. Md. Jan. 11, 2023) ("[C]ourts in the Fourth Circuit have frequently permitted FLSA notices to be distributed via text and email, and the Court does not find a compelling reason why notice in this matter should be limited to traditional mail"); *McCoy*, 2020 WL 2319117, at *5 (ordering production of "names, last known mailing addresses, last known telephone numbers, last known email addresses, dates of work, and work locations for all Collective Members"))). Plaintiffs' request for cell phone numbers is also specifically supported by Plaintiffs' affidavits, which indicate that many of

their former coworkers have moved in recent years and suggest that contact via text message may be most effective. (Ramirez Decl. ¶ 16; Lopez Decl. ¶ 16; Sanchez Decl. ¶ 16).

### 2.  Notice and Consent Forms

Plaintiffs proposed the notice and consent forms attached to the Motion (ECF Nos. 18-6, 18-7) ("Notice" and "Consent Form"), which the court must consider with respect to the adequacy of notice content to be provided to prospective plaintiffs. *Bobb*, 2024 WL 1299929, at *5.

The Court finds Plaintiffs' proposed Notice and Consent Form, as modified per the court's instruction below, appropriate and consistent with what other courts in this district have approved. *See Wilson*, 2024 WL 415349, at *4 (editing notice that was subsequently filed as ECF No. 33 and approved in ECF No. 34); *Randolph*, 7 F.Supp.3d at 577 (approving notice attached as ECF No. 42-5).

Specifically, in the Notice, Plaintiffs must include language notifying potential collective members of their right to select counsel of their own choosing. *See, e.g.*, *Mendoza*, 2016 WL 3440007, at *21 (ordering similar language); Notice of Collective Action Lawsuit, ECF No. 33 at *4, *Wilson v. Marlboro Pizza, LLC*, BAH-22-1465 (D. Md. Feb. 12, 2024) (containing similar language). Plaintiffs must resubmit the English and Spanish language versions of the proposed Notice reflecting these changes within seven (7) days of entry of the accompanying order.

### 3.  Contact Methods

Plaintiffs request multiple contact methods that require efforts by both sides. The court finds Plaintiffs' requests reasonable and appropriate in this case. (Mem. Supp. Mot., at 11-13). Regarding Defendants, Plaintiffs request that Defendants post English and Spanish language copies of the notice at J.A. Argetakis worksites within five business days of entry of the accompanying order (Mem. Supp. Mot. at 10); and distribute the notice and consent forms in

English and Spanish with paychecks to current employees in the first pay period following entry of the accompanying order. (*Id.*). Plaintiff correctly observes that courts within the Fourth Circuit have approved such physical postings and distributions with paychecks in FLSA collective actions. (Mem. Supp. Mot., at 11 (citing, *inter alia*, *Boyd v. SFS Commc'ns*, PJM-15-3068, 2017 WL 386539, at *3 (D. Md. Jan. 27, 2017) ("[P]hysical posting of notices at worksites is a standard element of FLSA notice plans in this District."); *Gonzalez-Rodriguez v. Gracia*, No. 5:21-CV-406-BO, 2023 WL 2450170, at *5 (E.D.N.C. Feb. 6, 2023) (ordering defendants "to provide the Notice in English and Spanish to current employees . . . with their paychecks," in addition to mail and via text message); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, CCB-07-455, 2008 WL 554114, at *4 (ordering defendant to "disseminate the plaintiffs' proposed notice . . . with employees' paychecks"))).

Plaintiffs also request the court's permission to distribute the notice via email, mail, and text message (Mem. Supp. Mot. at 10); and to send a text message reminder to potential collective members 30 days after the notice is mailed. (*Id.* at 12-13). This court has approved of similar outreach methods in collective actions under the FLSA and grants Plaintiffs' request. *See, e.g.*, *Boyd*, 2017 WL 386539, at *3.

### 4. Opt-In Period

Plaintiffs request a 90-day opt-in period so that "plaintiffs will have 90 days from the date the Notice is mailed to send a signed Consent Form to Plaintiffs' counsel, and that all Consent Forms must be filed with the Court within five business days of the expiration of the 90-day opt-in period." (Mem. Supp. Mot. at 13). Without opposition from the Defendants on this point, and since the 90-day opt-in period is "standard," *Mendoza*, 2016 WL 3440007, at *20, and "typical," *Wilson*, 2024 WL 415349, at *4, in this district for collective actions, the court grants Plaintiffs' request.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Conditional Certification of Collective Action and Court-Approved Notice (ECF No. 18) is GRANTED.  The court grants Plaintiffs' request for conditional certification and substantially approves Plaintiffs' proposed notice plan with one modification.  Within seven (7) days of entry of the accompanying order, Plaintiffs must submit a revised notice with language notifying potential plaintiffs of their right to select counsel of their choosing.

A separate order follows.


August 4, 2026

/S/

_____
Julie Rebecca Rubin
United States District Judge